UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

MARK SANTAS,                    )
                                )
        Petitioner,              )
                                )
    vs.                         ) Case No.  04-1053-CV-W-ODS-P
                                )
DAVE DORMIRE,                   )
                                )
        Respondent.              )

**OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner seeks habeas corpus relief pursuant to 28 U.S.C. § 2254 from his conviction in the Circuit Court of Boone County, Missouri, for second-degree (felony) murder based on the felony of endangering the welfare of a child in the first degree. The victim was petitioner's five-month-old son, and the cause of death was violent shaking. The Missouri Court of Appeals affirmed petitioner's conviction and the denial of his motion for post-conviction relief. Respondent's Exhibits 6 and 11 (unpublished opinions).

Petitioner claims nine grounds for relief. As his second ground, petitioner claims that the trial court erred by refusing to suppress statements he made to the police. Reviewing for plain error, the Missouri Court of Appeals found none:

> [A]fter he initially invoked his *Miranda* rights
> . . . , [i]t is undisputed that [petitioner] re-
> initiated contact with the police by requesting

> to speak with [a detective] and tell him what
> "really happened." The issue . . . is whether
> [petitioner's] waiver of counsel was knowing
> because he was not capable of making an informed
> and rational decision [upon learning of his son's
> death].
>
> In viewing the record in the light most
> favorable to the ruling and in the context of
> plain-error review, this court finds that
> [petitioner] did not suffer manifest injustice.
> A defendant does not have the constitutional
> right to confess his crime only when totally
> rational and properly motivated. Given the
> repeated *Miranda* warnings and the substantial
> evidence against [petitioner], including the
> medical testimony, this court finds no plain
> error.

Respondent's Exhibit 6, p. 11 (unpublished opinion) (citation and quotation marks omitted).

The Missouri Court of Appeals' resolution of petitioner's suppression claim was not based on "an unreasonable determination of the facts in light of the evidence" or a misapplication of "clearly established Federal law." 28 U.S.C. § 2254(d)(1) and (2). *See Richardson v. Bowersox*, 188 F.3d 973, 979-81 (8th Cir. 1999) (on a claim that was rejected in state court on plain-error review, federal habeas corpus relief may be granted "'only if there is manifest injustice'"), *cert. denied*, 529 U.S. 1113 (2000). Relief will be denied on petitioner's second ground.

As his ninth ground for relief, petitioner claims that he was denied effective assistance of trial counsel because his attorney

2

failed to present evidence to show that petitioner fled his apartment (the crime scene) before the police arrived because he had outstanding arrest warrants, not because he had hurt his son.  The Missouri Court of Appeals disagreed:

> Prior to trial, [petitioner] had filed a motion in limine to keep out any reference to warrants pending against him at the time of trial.  Despite this motion, defense counsel cross-examined one of the officers and asked what reason [petitioner] had given for leaving the apartment before police arrived.  The prosecutor objected and, in a discussion at the bench, indicated he would present detailed evidence on the outstanding warrants if defense counsel pursued that line of questioning.  The trial court made a preliminary ruling that it would admit such evidence.
>
> At the . . . evidentiary hearing [on petitioner's motion for post-conviction relief], defense counsel testified she abandoned the questioning for fear of "opening the door" to the six outstanding warrants for [petitioner's] arrest, including one for domestic violence.  Defense counsel also wanted to avoid evidence of prior incidents involving a skull fracture [the victim] suffered and any evidence that would negatively reflect on [petitioner's] character.  Counsel felt that any advantage gained in explaining [petitioner's] reason for leaving the scene was not worth the risk of exposing the jury to detailed evidence of his prior bad acts.
>
> . . . Trial counsel exercised sound professional judgment and reasonable trial strategy in concluding that the defense would be adversely affected by any evidence opening the door to information about [petitioner's] outstanding warrants and prior bad conduct. . . . We find no error . . . .

3

Case 4:04-cv-01053-ODS   Document 15   Filed 05/16/05   Page 3 of 6

Respondent's Exhibit 11, pp. 6-7 (unpublished opinion).

The Missouri Court of Appeals' resolution of petitioner's ineffective-assistance claim was not based on "an unreasonable determination of the facts in light of the evidence" or a misapplication of "clearly established Federal law." 28 U.S.C. § 2254(d)(1) and (2). *See Strickland v. Washington*, 466 U.S. 668, 694 (1984) (in order to establish ineffective assistance of counsel, habeas petitioner must show that his attorney's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense). Relief will be denied on petitioner's ninth ground.

"A habeas petitioner is required to pursue all available avenues of relief in the state courts before the federal courts will consider a claim." *Sloan v. Delo*, 54 F.3d 1371, 1381 (8th Cir. 1995), *cert. denied*, 516 U.S. 1056 (1996). "If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default." *Id*.

Petitioner defaulted all remaining grounds for relief by failing to present those claims to the Missouri Court of Appeals. *Compare* Doc. No. 1, pp. 10-21 (federal petition) *with* Respondent's Exhibit 4, pp. 7-9 (petitioner's brief on direct appeal) *and* Respondent's Exhibit 9,

pp. 13-15 (petitioner's brief on appeal from the denial of post-conviction relief).

A federal court may not review procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

As cause for his default, petitioner states that he "had no control over the claims his appointed appellate and post conviction counsel presented and briefed." Doc. No. 14, pp. 2-3 (response). Regarding claims that should have been raised on direct appeal, "a claim of ineffective assistance must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Morris v. Norris*, 83 F.3d 268, 271 (8th Cir. 1996). Petitioner has failed to show that he presented his criticisms of direct-appeal counsel as independent claims in state court. Regarding claims that should have been raised on appeal from the denial of post-conviction relief, petitioner had no constitutional right to effective assistance of post-conviction appellate counsel. *Lowe-Bey v. Groose*, 28 F.3d 816, 820 (8th Cir.), *cert. denied*, 513 U.S. 1061 (1994). Petitioner has failed to demonstrate cause for his

5

default.

Petitioner also has failed to show that a fundamental miscarriage of justice will result if his defaulted claims are not considered. *See* Doc. No. 14 (response); *Weeks v. Bowersox*, 119 F.3d 1342, 1350 (8th Cir. 1997) (petitioner must make a showing of actual innocence in order to fit within the fundamental miscarriage of justice exception) (en banc) (citing *Schlup v. Delo*, 513 U.S. 298 (1995)), *cert. denied*, 522 U.S. 1093 (1998). Further review of petitioner's remaining, defaulted grounds for relief is not required to prevent a fundamental miscarriage of justice.

For the reasons explained above, petitioner has failed to allege grounds that warrant relief. Accordingly, it is **ORDERED** that this petition for a writ of habeas corpus is denied, and this case is dismissed with prejudice.

/s/ Ortrie D. Smith
ORTRIE D. SMITH
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: 5/16/05            .